Filed 4/21/21  P. v. McLarney CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D077473 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD277868) |
| RYAN P. MCLARNEY, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Laura W. Halgren, Judge.  Sentence modified and case remanded with directions.

Neil Auwarter, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina and Melissa Mandel, Deputy Attorneys General, for Plaintiff and Respondent.

Ryan P. McLarney pleaded guilty to violating a domestic restraining order with a previous conviction within seven years (Pen. Code,[1] § 166, subds. (c)(1) & (4)).  He admitted three prison priors (§ 667.5, subd. (b)).  As part of the agreement, the prosecutor agreed to dismiss the alleged strike prior (§ 667, subds.(b)-(i)) and to not oppose local time as a condition of probation with 365 days in local custody.

McLarney failed to appear for sentencing.  When he was later brought to court, the trial judge denied probation and sentenced McLarney to a term of six years in prison (the three-year upper term, plus three years for the prison priors).

McLarney made a subsequent motion to strike the prison priors pursuant to Senate Bill No. 136.  The trial court denied the motion.  In June 2020, this court granted McLarney's request for a constructive notice of appeal.  McLarney filed an appeal from the order denying his motion to strike the prison priors.

In this appeal, the parties properly agree the prison priors are now invalid following the enactment of Senate Bill No. 136 and that they must be stricken.  They disagree as to the manner in which this court handles the striking of the priors.  McLarney argues we should simply strike the priors, modify the sentence, and affirm as modified.  The People argue we should remand the case to the trial court with directions to strike the priors and to allow the People to withdraw from the plea agreement if they choose to do so.  We opt for a different approach.

As we will discuss below, the law is unsettled as to the ability of the People or the court to withdraw from a plea agreement when a post-

---

[1]     All further statutory references are to the Penal Code.

sentencing law change reduces the punishment that the court imposed based on the plea agreement.

## DISCUSSION[2]

The parties properly agree the court must strike the three prison priors in light of subsequent legislative changes. Accordingly, we will not discuss the state of the law regarding prison priors. The issue in this appeal is what is the proper remedy for the change in the status of such priors.

The People contend the court should remand the case to the trial court with directions to strike the three prison priors and to allow the District Attorney to withdraw from the plea agreement if that office deems it appropriate. The People rely on *People v. Hernandez* (2020) 55 Cal.App.5th 942, 946 (*Hernandez*), review granted January 27, 2021, S265739, among other cases for the proposition that postjudgment law changes that reduce the sentences for persons who have pleaded guilty should allow the prosecutor or the court to withdraw from the plea agreement.

McLaney, on the other hand, argues we should simply strike the prison priors, modify the judgment, and affirm. McLarney relies on a different line of cases holding such postjudgment law changes benefitting defendants, do not trigger a right of the court or the prosecutor to withdraw from the plea agreement. (*People v. Matthews* (2020) 47 Cal.App.5th 857; *People v. France* (2020) 58 Cal.App.5th 714, review granted Feb. 24, 2021, S266771.)

The Attorney General's reliance on *Hernandez* is questionable in this case. In *Hernandez*, the parties stipulated to the sentence and the court accepted the limitation on its sentencing power (§ 1192.5). In this case, the prosecution did not oppose local time as a condition of probation, with only

---

2     The facts of the underlying crime are not relevant to the resolution of this appeal. We have omitted the usual statement of facts.

the stipulation to 365 days in local custody. Because of McLarney's failure to appear for sentencing, the trial court denied probation and imposed the six-year term. There was never a stipulation to a prison term.

We find the question of the District Attorney's right to withdraw from the plea agreement on remand to be entirely speculative. We understand the Attorney General is seeking our approval of the proposition the prosecutor should have the right to withdraw. There has not been such a request from the District Attorney.

We note the prosecution was content to settle for a probationary sentence rather than take the case to trial. If the prosecutor is allowed to withdraw from the agreement, then McLarney would be entitled to a jury trial. The three-year upper term imposed by the trial court is already greater punishment than that for which the prosecution had bargained. It is not at all clear the prosecutor would seek to withdraw from the agreement that produced a greater sentence than the People originally accepted. In short, we decline to weigh in on an uncertain body of law where it is somewhat doubtful the issue will arise on remand.

We think the better approach here is to remand with directions to strike the priors and to allow the parties on remand to bring such motions as they deem appropriate. If there is no withdrawal from the guilty plea agreement, the court should enter a modified judgment reflecting the reduced sentence. If the parties bring motions with regard to the plea agreement, we are confident the trial court will examine such motions carefully and apply the law appropriately. If motions regarding the plea are brought on remand, we express no opinion regarding the merits of any challenge to the agreement.

## DISPOSITION

The sentence is vacated. The case is remanded to the trial court with directions to strike the three prison priors alleged under section 667.5, subdivision (b). The court shall permit the parties to bring such motions regarding the sentence as they deem appropriate. We express no opinion regarding the appropriate ruling on such motions. If the court declines to set aside the plea agreement then the court shall impose judgment consistent with the views expressed in this opinion and amend the abstract of judgment to reflect the modified sentence.

HUFFMAN, Acting P. J.

WE CONCUR:


O'ROURKE, J.


DO, J.

5